```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

         NOV 29 2006        DJ
                AT SEATTLE
         CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY
```

06-MC-00192-M

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ETREPPID TECHNOLOGIES, L.L.C., a Nevada Limited Liability Company,<br><br>   Plaintiff,<br><br>vs.<br><br>DENNIS MONTGOMERY, THE MONTGOMERY FAMILY TRUST, DENNIS MONTGOMERY and BRENDA MONTGOMERY as Trustees of The MONTGOMERY FAMILY TRUST; and DOES 1 through 20,<br><br>   Defendants. | MISC. CAUSE NO. **MS6  192 M**<br><br>No.: 3:06CV00145-BES-VPC<br>United States District Court for The District of Nevada<br><br>MOTION BY ETREPPID TECHNOLOGIES, LLC TO COMPEL PRODUCTION OF DOCUMENTS BY MICHAEL SANDOVAL AND BY AZIMYTH<br><br>NOTE ON MOTION CALENDAR: DECEMBER 15, 2006 |
| DENNIS MONTGOMERY; MONTGOMERY FAMILY TRUST,<br><br>   Counterclaimants and Third-Party Plaintiffs,<br><br>vs.<br><br>ETREPPID TECHNOLOGIES, L.L.C.; a California Corporation, WARREN TREPP; DEPARTMENT OF DEFENSE of the UNITED STATES OF AMERICA; and DOES 1-10,<br><br>   Counterdefendants and Third-Party Defendants | |

**ORIGINAL**

MOTION BY ETREPPID TECHNOLOGIES, LLC TO COMPEL PRODUCTION OF DOCUMENTS BY MICHAEL SANDOVAL AND BY AZIMYTH - 1

O'BRIEN BARTON WIECK & JOE, PLLP
175 N.E. Gilman Boulevard
Issaquah, Washington 98027
425-391-7427 / Fax 425-391-7489

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, eTreppid Technologies, LLC ("eTreppid") hereby moves the above-entitled Court to compel Michael Sandoval and Azimyth to produce the documents requested in the subpoenas served by eTreppid.

The present motion is supported by the attached Declaration of Jerry M. Snyder in Support of the Motion to Compel Document Production and by the following Memorandum of Points and Authorities and the evidence currently before the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This matter arises out of the claims by plaintiff eTreppid against defendants Dennis Montgomery ("Montgomery") and the Montgomery Family Trust (collectively, "Montgomery"). Specifically, eTreppid alleges that Montgomery misappropriated certain trade secrets belonging to eTreppid, such that Montgomery is liable for, *inter alia*, conversion, breach of contract, and breach of fiduciary duty. The Nevada State Court in which eTreppid initiated this action found that eTreppid was reasonably likely to prevail on its allegations against Montgomery; after conducting a lengthy evidentiary hearing, that court entered a Preliminary Injunction Order against Dennis Montgomery on February 8, 2006 (the "PI Order") that precludes him from further destroying and/or disseminating certain source codes and computer software.

The computer software and source codes subject to the PI Order incorporate applications for data compression, object tracking, pattern recognition, and anomaly detection (the "Software"). The Software is protected as a trade secret owned by eTreppid because, *inter alia*, it was developed by eTreppid personnel using eTreppid equipment and because Montgomery was employed as eTreppid's Chief Technology Officer.

MOTION BY ETREPPID TECHNOLOGIES, LLC TO
COMPEL PRODUCTION OF DOCUMENTS BY
MICHAEL SANDOVAL AND BY AZIMYTH - 2

O'BRIEN BARTON WIECK & JOE, PLLP
175 N.E. Gilman Boulevard
Issaquah, Washington 98027
425-391-7427 / Fax 425-391-7489

eTreppid has learned that Montgomery is now employed by (or is working with) an information technology company, Azimyth, and/or its Chairman and CEO, Michael Sandoval, in the state of Washington. Azimyth's business involves data handling and communications protocols, among other applications, and Azimyth is currently "developing key intellectual property and capabilities around leaner and embeddable algorithms that are significantly faster than existing commercial implementations for raw data compression, encryption and pattern recognition capabilities." *See* Declaration of Jerry M. Snyder ("Snyder Decl."), Ex. 2 (Azimyth webpage printout).

eTreppid attempted to obtain documents from Azimyth and its CEO, Michael Sandoval, to discover whether Montgomery was or is violating the terms of the PI Order.

## II. STATEMENT OF FACTS

### A. Relevant Procedural Background.

On January 19, 2006, eTreppid filed its Complaint in the Second Judicial District Court for the State of Nevada, Washoe County. Following a lengthy evidentiary hearing, the court entered the PI Order on February 8, 2006. The PI Order states that "Montgomery and all persons or entities in active concert or participation therewith, are enjoined and restrained from destroying, hypothecating, transferring, modifying, and/or assigning the ETreppid Source Code (*sic*), [and] from discussing any ETreppid (*sic*) technology, including anomaly detection and pattern recognition software, with any third-party, except" in connection with this litigation. Snyder Decl., Ex. 1 (PI Order, at 3:6-10). The court reasoned that eTreppid "is likely to prevail on the merits of [its] claims" due, *inter alia*, to "the subsequent undisputed conduct of the parties throughout the course of Montgomery's employment with ETreppid (*sic*), and Montgomery's acquiescence to and active participation in contractual agreements entered into by ETreppid (*sic*) with third-parties involving the Source Code and technology at issue." Snyder Decl., Ex. 1 (PI Order, at 2:7-11).

MOTION BY ETREPPID TECHNOLOGIES, LLC TO
COMPEL PRODUCTION OF DOCUMENTS BY
MICHAEL SANDOVAL AND BY AZIMYTH - 3

O'BRIEN BARTON WIECK & JOE, PLLP
175 N.E. Gilman Boulevard
Issaquah, Washington 98027
425-391-7427 / Fax 425-391-7489

On or about July 2006, eTreppid learned that Montgomery may have been in communication with Azimyth, an information technology company in Washington, and Sandoval, Azimyth's Chairman and CEO. *See* Snyder Decl., ¶ 3. Azimyth advertises itself as having expertise in key technologies including data compression and pattern recognition technologies. Snyder Decl., ¶ 4, Ex. 2 (Azimyth webpage printout). Fearing that Montgomery's interactions with Azimyth and/or Sandoval were violations of the PI Order, eTreppid requested documents from Azimyth and Sandoval by subpoena. Snyder Decl., Ex. 3 (eTreppid Subpoena to the Custodian of Records at Azimyth); Snyder Decl., Ex. 4 (eTreppid Subpoena to Michael Sandoval).

On or about August 9, 2006, Azimyth's counsel for served objections and responses to the subpoena. Snyder Decl., Ex. 5 (Non-Party Azimyth's Objections and Responses to the Subpoena of eTreppid Technologies, LLC). The same counsel also served objections on behalf of Sandoval, stating that "on the basis of the foregoing objections, Michael Sandoval will not produce any documents." *See* Snyder Decl., Ex. 6 (Non-Party Michael Sandoval's Objections and Responses to the Subpoena of eTreppid Technologies, LLC); Snyder Decl..

Counsel for eTreppid met and conferred with Mr. Keeley, counsel for both Azimyth and Sandoval, in an attempt to resolve this matter informally. Snyder Decl., ¶ 8 Ex. 7. (Jerry M. Snyder, Esq. letter). Mr. Keeley refused to provide any of the requested documents, leaving eTreppid with no choice but to move to compel their production.

## III.  ARGUMENT

If an objection is asserted to inspection or copying of materials requested by subpoena, the requesting party may only inspect those materials pursuant to a court order. Fed. R. Civ. P. 45(c)(2)(B). The requesting party may move to compel production at any time. *Id.*

The objections interposed by Sandoval and Azimyth fall into four basic categories: (i) the requests are unduly burdensome and not reasonably calculated to lead to the discovery of

admissible evidence, (ii) the production would vitiate various privileges, (iii) the documents requested are confidential, proprietary and/or trade secrets, and (iv) the requests violate the privacy rights of Sandoval, Montgomery, the Montgomery Family Trust, and/or others. None of these purported objections supports the refusal by Sandoval or Azimyth to produce the requested documents.

### A. The Document Requests are Narrowly Tailored and Seek Permissible Discovery.

eTreppid's documents requests are narrowly tailored to elicit those documents that evidence (i) communications that would reveal that Montgomery had violated the PI Order and/or engaged in the other misconduct alleged in eTreppid's complaint; and (ii) compensation received as the result of any such communications. These issues relate to the claims between eTreppid and Montgomery regarding ownership rights over the Software. Fed. R. Civ. P. 26(b)(1). Further, the subpoenas are likely to lead to discovery of admissible evidence. *Id.*

It is undisputed that Sandoval and/or Azimyth now employ(s) Montgomery. Snyder Decl., Ex. 8 (letter from Michael Flynn, Montgomery's counsel of record). Further, Sandoval is closely linked to Azimyth, as its Chairman and CEO, and Azimyth admittedly utilizes technology that appears to function in a similar manner to that which Montgomery is enjoined from using or discussing with any third-party not involved in the litigation. Snyder Decl., Ex. 2 (Azimyth Products and Solutions webpage printout). The PI Order issued in part because the court found a reasonable probability that eTreppid could suffer irreparable harm. Snyder Decl., Ex. 1 (PI Order, at 2:14-15). eTreppid requested documents from Sandoval and Azimyth which could establish whether Montgomery has violated the PI Order. Further, Sandoval and Azimyth are aware of the PI Order and are likewise bound by its terms (the PI Order applies to "all persons or entities in active concert or participation" with Montgomery). The subpoenas

MOTION BY ETREPPID TECHNOLOGIES, LLC TO
COMPEL PRODUCTION OF DOCUMENTS BY
MICHAEL SANDOVAL AND BY AZIMYTH - 5

O'BRIEN BARTON WIECK & JOE, PLLP
175 N.E. Gilman Boulevard
Issaquah, Washington 98027
425-391-7427 / Fax 425-391-7489

are therefore a reasonable means to investigate the possible disclosure of eTreppid's confidential Software.

B. No Privilege Claim May Stand Without a Privilege Log.

Sandoval and Azimyth object to eTreppid's document requests on the basis of the attorney-client privilege or work product doctrine, but have refused to provide the requisite privilege log. Fed. R. Civ. P. 26(b)(5). Sandoval and Azimyth bear the burden of properly identifying the documents and justifying the privilege which purportedly precludes their disclosure by, inter alia, providing a privilege log. *Id.* Unless Sandoval and Azimyth meet this standard, they cannot refuse to produce documents based on the asserted privileges. *Id.*

Even had Sandoval and Azimyth provided an adequate privilege log, however, it is unclear how any evidence of communications between Sandoval and Montgomery (or anyone acting on their respective behalf) could be protected by the attorney-client privilege. It is likewise unclear how any evidence of communications between Sandoval and Montgomery could be protected by the work product doctrine. The Objections filed by Sandoval and Azimyth clearly state that they are not parties to this litigation; had they been parties, eTreppid would have served them with discovery requests rather than subpoenas. Snyder Decl., Ex. 3 (eTreppid Subpoena to the Custodian of Records at Azimyth); Snyder Decl., Ex. 4 (eTreppid Subpoena to Michael Sandoval).

The Court should require Sandoval and Azimyth to either (i) provide a privilege log that fully satisfies the requirements of Fed. R. Civ. P. 26(b)(5), or (ii) produce the requested documents.

C. The Court May Order Production In a Manner That Protects Confidential Information.

Sandoval and Azimyth raise concerns as to the confidentiality and/or trade secret nature of the documents requested. Throughout this litigation, eTreppid has made every effort to

MOTION BY ETREPPID TECHNOLOGIES, LLC TO
COMPEL PRODUCTION OF DOCUMENTS BY
MICHAEL SANDOVAL AND BY AZIMYTH - 6

O'BRIEN BARTON WIECK & JOE, PLLP
175 N.E. Gilman Boulevard
Issaquah, Washington 98027
425-391-7427 / Fax 425-391-7489

1  protect the confidentiality of all trade secret, classified, and/or commercially sensitive
2  information. *See, e.g.*, Snyder Decl., ¶ 10. eTreppid is likewise willing to stipulate that any
3  materials produced pursuant to the subpoenas will be subject to a protective order and/or
4  confidentiality agreement. The Court should order Sandoval and Azimyth to negotiate the
5  terms of such an order and/or agreement in good faith and, after entry of such order and/or
6  agreement, produce the requested documents.

7      D.    <u>Privacy Concerns Do Not Preclude Production of the Requested Documents.</u>

8      Sandoval and Azimyth object to production of the materials requested by subpoena on
9  privacy grounds, without articulating how production would vitiate any privacy rights.
10 However, they may not invoke privacy as a blanket denial of discovery of relevant information.
11 *See Hassan v. United States of America*, 2006 U.S. Dist. LEXIS 14774, *5 (W.D. Wash. Mar.
12 16, 2006) (granting motion to compel in part because "there is no generic 'privacy' objection").

13     Further, the Court may take those measures necessary to protect any privacy concerns
14 by, *e.g.*, entering a protective order or conducting an in camera inspection. Fed. R. Civ. P.
15 26(c); *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987) (the court must consider the
16 use of protective orders and the possibility of *in camera* inspections). Any privacy concerns
17 are outweighed by eTreppid's need to stop any ongoing violations of the PI Order and to
18 prevent future violations, in order to avert the irreparable harm recognized by the Nevada State
19 Court in the PI Order. *Id.* at 889 (even if privacy concerns are invoked, "the test of
20 discoverability is the relevance standard of Rule 26(b)(1) of the FRCP"). If Montgomery,
21 Sandoval and/or Azimyth have violated the PI Order, evidence of such a violation is crucial to
22 the determination of the issues raised in the underlying litigation.

23     During the meet and confer process, eTreppid proposed a confidentiality agreement to
24 allay the privacy concerns of Sandoval and Azimyth. Snyder Decl., Ex. 7 (meet and confer
25 letter proposing the parties negotiate the terms of a confidentiality agreement). eTreppid

MOTION BY ETREPPID TECHNOLOGIES, LLC TO
COMPEL PRODUCTION OF DOCUMENTS BY
MICHAEL SANDOVAL AND BY AZIMYTH - **7**

O'BRIEN BARTON WIECK & JOE, PLLP
175 N.E. Gilman Boulevard
Issaquah, Washington 98027
425-391-7427 / Fax 425-391-7489

hereby renews its offer to enter into such an agreement, and requests that the Court order Sandoval and Azimyth to negotiate in good faith the terms for such an agreement and/or a similar protective order and, after entry of such an agreement or order, to produce the requested documents.

IV. **CONCLUSION**

For the foregoing reasons, the Court should grant eTreppid's motion to compel.

Dated: November 27, 2006.

O'BRIEN BARTON WIECK & JOE, PLLP

_____
Jay R. Rodne, WSBA #27719
175 N.E. Gilman Boulevard
Issaquah, WA 98027
Telephone: (425) 391-7427
Facsimile: (425) 391-7489


HALE LANE PEEK DENNISON AND HOWARD

J. Stephen Peek, Esq., Nevada Bar Number 1758
Jerry M. Snyder, Esq., Nevada Bar Number 6830
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone: (775) 327-3000
Facsimile: (775) 786-6179


PILLSBURY WINTHROP SHAW PITTMAN, LLP

David A. Jakopin, Esq. (CA Bar No. 209950)
Jonathan D. Butler, Esq. (CA Bar No. 229638)
2475 Hanover Street
Palo Alto, CA 94304-1114
Telephone: (650) 233-4500
Facsimile: (650) 233-4545

*Attorneys for Defendants eTreppid Technologies, L.L.C. and Warren Trepp*

MOTION BY ETREPPID TECHNOLOGIES, LLC TO
COMPEL PRODUCTION OF DOCUMENTS BY
MICHAEL SANDOVAL AND BY AZIMYTH - 8

O'BRIEN BARTON WIECK & JOE, PLLP
175 N.E. Gilman Boulevard
Issaquah, Washington 98027
425-391-7427 / Fax 425-391-7489

## CERTIFICATE OF SERVICE

I, Barbara Westfall, declare:

I am employed in the City of Issaquah, County of King, State of Washington, by the law offices of O'Brien, Barton, Wieck, & Joe, PLLP. My business address is: 175 N.E. Gilman Boulevard, Issaquah, Washington 98027. I am over the age of 18 years and not a party to this action

On November 27, 2006, I caused the foregoing **MOTION BY ETREPPID TECHNOLOGIES, LLC TO COMPEL PRODUCTION OF DOCUMENTS BY MICHAEL SANDOVAL, DECLARATION OF JERRY SNYDER IN SUPPORT OF ETREPPID'S MOTION TO COMPEL, AND PROPOSED ORDER GRANTING ETREPPID TECHNOLOGIES, LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS** to be:

__X__   mailed a true copy thereof to the following person(s) at the address(es) listed below by placing the documents in O'Brien, Barton, Wieck, & Joe, PLLP's outgoing mail with the United States Postal Service to the following:

__X__   filed the foregoing documents with the U.S. District Court for the Western District of Washington at Seattle.

| | |
|---|---|
| Ronald J. Logar, Esq.<br>Eric A. Pulver, Esq.<br>The Law Offices of Logar & Pulver<br>225 S. Arlington Avenue, Suite A<br>Reno, NV 89501<br><br>Fax No.: (775) 786-5044<br><br>Email: Lezlie@renofamilylaw.com<br><br>Carlotta P. Wells<br>Senior Trial Counsel, Federal Programs Branch<br>Civil Division – Room 7150<br>U.S. Department of Justice<br>20 Massachusetts Ave., NW<br>P.O. Box 883<br>Washington, DC 20044<br><br>Fax No.: (202) 616-8470<br><br>Email: Carlotta.wells@usdoj.gov | Michael J. Flynn, Esq.<br>Philip H. Stillman, Esq.<br>Flynn & Stillman<br>224 Bermingham Dr., Ste. 1A4<br>Cardiff, CA 92007<br><br>Fax No.: (888) 235-4279<br><br>Email: pstillman@flynnstillman.com<br><br>Medora A. Marisseau, WSBA #23114<br>Brian K. Keeley, WSBA #32121<br>Bullivant Houser Bailey PC<br>1601 Fifth Avenue, Suite 2300<br>Seattle, WA 98101-1618<br><br>Fax No.: 206-386-5130 |

MOTION BY ETREPPID TECHNOLOGIES, LLC TO
COMPEL PRODUCTION OF DOCUMENTS BY
MICHAEL SANDOVAL AND BY AZIMYTH - **9**

O'BRIEN BARTON WIECK & JOE, PLLP
175 N.E. Gilman Boulevard
Issaquah, Washington 98027
425-391-7427 / Fax 425-391-7489

William J. Goines
Cindy Hamilton
Alisha M. Louie
Greenberg Traurig, LLP
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Fax No.: 650.328.8508

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on November 27, 2006.

_____
Barbara Westfall